UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-156 |
| | ) | Judge Phillips |
| BARRY EUGENE EVANS | ) | |

## **MEMORANDUM AND ORDER**

Defendant Barry Eugene Evans has filed a pro se motion [Doc. 37] requesting copies and certificates of the jail credits for the time he was incarcerated at the Blount County Jail in federal custody. The record reflects that defendant was indicted on November 27, 2012, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Doc. 3]. At that time, he was in the custody of the Sheriff of Knox County, Tennessee, at the Knox County Jail, pursuant to State of Tennessee charges. Pursuant to a writ, defendant was transferred to the custody of the United States Marshal and was held in the Blount County Jail following his initial appearance and arraignment on the federal charge. On May 31, 2013 and pursuant to the government's motion, the instant charge against defendant was dismissed [Doc. 34]. Following the dismissal of the federal case, defendant was returned to the custody of Knox County on or about June 20, 2013 and he is presently incarcerated by the Tennessee Department of Corrections.

Tennessee law mandates that state trial courts include credit for any time a defendant is held in pretrial detention in the calculation of any sentence of imprisonment. *See* Tenn. Code Ann. § 40-23-101(c); *see also Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 581—

82 (Tenn. Ct. App. 2001) (TDOC "is required to calculate prison sentences in accordance with the sentencing court's judgment order and with applicable sentencing statutes"). There is not, however, any corresponding federal law mandating the calculation of pretrial jail credits for time spent in custody. Moreover, "[t]h actual computation of a [state] prison term involves a matter of state law that is not cognizable under [federal habeas review]." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003); *see also Lee v. Ga. Dep't of Corrections*, No. 1:16-CV-0982-TWT-JFK, 2016 WL 3023883, at *1 (N.D. Ga. Apr. 22, 2016) ("Determinations by state prison authorities and courts in computing the time to be served under a state sentence present no federal question, constitutional or otherwise, and are not subject to review by federal habeas corpus proceedings") (citations omitted), *report and recommendation adopted*, No. 1:16-CV-982-TWT, 2016 WL 2997949 (N.D. Ga. May 25, 2016); *Armstrong v. Salinas*, No. CIV.A. 6:13-179-KKC, 2014 WL 340399, at *7 (E.D. Ky. Jan. 30, 2014) ("claims challenging the amount of jail credit applied (or not applied) to state sentences under state law … are a matter of state law and are not cognizable on federal habeas review") (citing to *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)).

Notably, the defendant has not filed a request for any type of federal habeas review, even under the liberal construction given to pro se filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("[l]iberal construction does not require a court to conjure allegations on a litigant's behalf"). Thus, the Court views this motion as requesting something which does not exist and which the Court cannot provide. The calculation of defendant's present state sentence is a matter wholly within the purview of the State of

2

Tennessee. Accordingly, for all the foregoing reasons, the defendant's motion for jail credits [Doc. 37] is **DENIED**.

IT IS SO ORDERED.

                                                                    s/ Thomas W. Phillips
                                                       SENIOR UNITED STATES DISTRICT JUDGE